**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

STATE OF NEW MEXICO, ex rel.
RAÚL TORREZ, ATTORNEY GENERAL,

    **Plaintiff,**

v.                                                    **Case No. 1:25-cv-01058-LF-JFR**

JOGAN HEALTH, LLC,
and DAN DIETRICH,

    **Defendants.**


**AND**

**JOGAN HEALTH, LLC,**

    **Counter/Third Party Plaintiff**

**v.**

**STATE OF NEW MEXICO,**

    **Counter-Defendant,**

**NEW MEXICO DEPARTMENT OF HEALTH**

    **Third-Party Defendant.**


**DEFENDANT JOGAN HEALTH, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS/THIRD PARTY CLAIMS**

COMES NOW, Defendant,[1] Jogan Health LLC, a foreign limited liability company

("Jogan"), by and through its counsel of record, Jeremy K. Harrison and R. Grant Cook,[2] and

hereby submits its Answer to Plaintiff's Complaint, Affirmative Defenses and Counterclaims for

Breach of Contract, Unjust Enrichment, Promissory Estoppel, Account Stated and Declaratory

---

[1] Defendant Dan Dietrich is filing a motion to dismiss for lack of personal jurisdiction in lieu of an answer pursuant to Rule 12 of the Federal Rules of Civil Procedure.
[2] Mr. Cook will be submitting *pro hac vice* paperwork.

Judgment. Jogan notes that this Answer is being filed after a Rule 12(b)(6) motion seeking dismissal of Counts II-IX of Plaintiff's Complaint. Pursuant to Rule 12, an answer is not required until after the Court rules on Jogan's motion. However, Jogan seeks to assert counterclaims against the State, and pursuant to Rule 8 (which defines "pleading") and Rule 13 (which states that a counterclaim can only be stated in a pleading), Jogan is filing this answer so that it can assert its counterclaims. By filing this Answer after its Motion to Dismiss, Jogan does not intend to convert its Motion to Dismiss into a motion for judgment on the pleadings. *See Irby v. Jefferson Ins. Co.,* No. 2:24-CV-00094-MIS-JHR, 2024 WL 3252803, at \*5 (D.N.M. July 1, 2024) (noting that filing an answer *before* a motion to dismiss converts the motion into one for judgment on the pleadings). For the causes of action that are the subject of Jogan's pending Motion, Jogan refers the Court to Jogan's pending Motion and is filing this answer without waiver of any arguments made in that motion.

### Preliminary Statement

Jogan denies that it engaged in fraudulent, predatory, or unlawful billing practices. The parties' dispute sounds in contract and payment, not fraud or racketeering. The State drafted the operative agreement, controlled deployment and scheduling, approved and paid invoices that included disclosed overtime, and delayed payments well beyond the contractual terms. When the State later represented that FEMA would not reimburse overtime, it directed Jogan to rebill at base rates; Jogan did so as an administrative accommodation and without waiving its rights to full payment for overtime required by law and contemplated by the contracting framework. The State made a large payment months after performance had ended and only after counsel-to-counsel discussions—facts that refute any claim of coercion or duress.

**Specific Responses**

Rule 10(b) of the Federal Rules of Civil Procedure provides that "a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Despite this unambiguous requirement, the State begins its Complaint with an unnumbered three and a half page long "narrative summary of complaint." This narrative summary—which by virtue of the State's verification is sworn testimony of the State—does not comply with Rule 10(b) and thus no specific response is required. To the extent that a response is required, Jogan denies that it engaged in any misconduct asserted by the State in the lengthy "narrative summary."

With respect to the allegations that are numbered, Jogan responds as follows:

1. Defendant admits the allegations of Paragraph 1.

2. Defendant admits the allegations of Paragraph 2.

3. Defendant denies the allegations of Paragraph 3.

4. Defendant denies the allegations of Paragraph 4.

5. The allegations of Paragraph 5 are not factual allegations, but are instead a description of how Plaintiff intends to utilize certain terms. Paragraph 5 thus does not require a response.

6. With respect to the allegations of Paragraph 6, Defendant admits only that the purpose of forming a corporate entity is to create a new entity that is legally distinct from any individual.

7. With respect to the allegations of Paragraph 7, Defendant admits that the medical services performed by medical providers pursuant to Jogan's contract with the State was performed in New Mexico. Jogan denies that the majority of its work in connection with the

3

contract was performed in New Mexico.

8.    Jogan denies that Dan Dietrich pursued a contract with the State. Jogan admits that as a for profit LLC, it expected to earn a profit as a result of its contract with the State. Jogan denies that it earned such a profit as the State's refusal to pay Jogan amounts owed has resulted in a loss for Jogan.

9.    The allegations of Paragraph 9 are a quotation from a contract that speaks for itself and to which no response is thus required. Jogan denies the allegations of Paragraph 9 to the extent that they are inconsistent with the plain language of the Contract.

10.    Jogan admits that the Court has subject matter jurisdiction.

11.    Jogan admits that the Court has personal jurisdiction over it. Jogan denies that the Court has personal jurisdiction over Dan Dietrich.

12.    Jogan admits that venue in this Court is appropriate as to the claims asserted against Jogan.

13.    Jogan admits the allegations of Paragraph 13, but states that the Contract must be construed in accordance not only with its contractual language, but also in accordance with subsequent amendments, the parties' course of conduct, communications between the parties after contract formation, and communications between the parties prior to contract formation.

14.    Jogan admits the allegations of Paragraph 14.

15.    Jogan denies the allegations of Paragraph 15. By its plain terms, the Contract identifies a "base rate" for "Practitioners" and "Support Service Providers."

16.    Jogan denies the allegations of Paragraph 16.

17.    Jogan denies the allegations of Paragraph 17.

18.    Jogan admits that Paragraph 18 includes certain quotations from a portion of the

Contract, but denies that the allegations of Paragraph 18 accurately reflect the terms of the Contract.

19.    Jogan denies the allegations of Paragraph 19.

20.    Jogan lacks sufficient information or knowledge to ascertain the truth of the allegations contained in Paragraph 20, as the State has failed to identify the person at issue, the date of the invoice, or any other information from which Jogan could assess the accuracy of the allegation. Jogan therefore denies the allegations.

21.    Jogan denies the allegations of Paragraph 21.

22.    Jogan admits that the parties entered into a February 25, 2022 agreement, but denies all remaining allegations contained in Paragraph 22.

23.    Jogan lacks sufficient information or knowledge to ascertain the truth of the allegations contained in Paragraph 23, and therefore denies those allegations.

24.    Jogan denies the allegations of Paragraph 24.

25.    Jogan denies the allegations of Paragraph 25.

26.    Jogan admits that the Contract contains language quoted by Defendant in Paragraph 26, but denies all allegations that are contrary to the Contract which must be read as a whole.

27.    Jogan admits that the Contract provides for guaranteed weekly pay for five 12-hour days totaling 60 hours.

28.    Jogan lacks sufficient information or knowledge to ascertain the truth of the allegations contained in Paragraph 28 regarding the findings of the State's alleged expert, but Jogan denies that it engaged in any improper billing.

29.    Jogan admits that the Contract contains language as quoted by the State in

paragraph 29, but denies that this is a "per provider" limit as the State alleges.

30.     Jogan denies the allegations of Paragraph 30.

31.     Jogan admits that the Contract contains language as quoted by the State in Paragraph 31, but denies all allegations that are inconsistent with the terms of the Contract.

32.     Jogan admits the allegations of Paragraph 32.

33.     Jogan admits that the Contact contains language as quoted by the State in Paragraph 33.

34.     Jogan denies the allegations of Paragraph 34.

35.     Jogan denies the allegations of Paragraph 35.

36.     Jogan incorporates its responses to Paragraphs 1 through 35 as if stated fully herein.

37.     Jogan admits the allegations of Paragraph 37.

38.     Jogan denies the allegations of Paragraph 38.

39.     Jogan denies the allegations of Paragraph 39.

40.     Jogan denies the allegations of Paragraph 40.

41.     Jogan denies the allegations of Paragraph 41.

42.     Jogan denies the allegations of Paragraph 42.

43.     Jogan denies the allegations of Paragraph 43.

44.     Jogan incorporates its responses to Paragraph 1-43 as if stated fully herein.

45.     The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

46.     The allegations of this Paragraph pertain to a claim which is the subject of Jogan's

Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

47.    The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

48.    The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

49.    The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

50.    The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

51.    The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

52.    The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

53.    Jogan incorporates its responses to Paragraph 1 through 52 as if stated fully herein.

54.    The allegations of this Paragraph pertain to a claim which is the subject of Jogan's

7

Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

55.    The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

56.    The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

57.    The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

58.    The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

59.    The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

60.    The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

61.    The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

62. Jogan incorporates its responses to Paragraphs 1 through 61 as if stated fully herein.

63. The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

64. The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

65. The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

66. The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

67. The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

68. The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

69. The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

70.     Jogan incorporates its answer to Paragraphs 1 through 69 as if stated fully herein.

71.     The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

72.     The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

73.     The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

74.     The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

75.     The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

76.     The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

77.     The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

78.     Jogan incorporates its responses to Paragraphs 1 through 77 as if stated fully

herein.

79.    The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

80.    The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

81.    The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

82.    The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

83.    The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

84.    The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

85.    The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

86.    The allegations of this Paragraph pertain to a claim which is the subject of Jogan's

Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

87. Jogan incorporates its responses to Paragraphs 1 through 86 as if fully stated herein.

88. The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

89. The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

90. The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

91. The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

92. The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

93. The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

94. The allegations of this Paragraph pertain to a claim which is the subject of Jogan's

Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

95. The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

96. Jogan incorporates its responses to Paragraphs 1 through 95 as if stated fully herein.

97. The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

98. The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

99. The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

100. The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

101. The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

102. The allegations of this Paragraph pertain to a claim which is the subject of Jogan's

Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

103.    The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

104.    The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

105.    Jogan incorporates its responses to Paragraphs 1 through 104 as if stated fully herein.

106.    The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

107.    The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

108.    The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

109.    The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

110.    The allegations of this Paragraph pertain to a claim which is the subject of Jogan's

14

Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

111.    The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

112.    The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

113.    The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

114.    The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

115.    The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

116.    The allegations of this Paragraph pertain to a claim which is the subject of Jogan's Motion to Dismiss, which was filed in lieu of an answer to these allegations. To the extent a further response is required, Jogan denies the allegations.

117.    Jogan denies that the State is entitled to the relief requested in the unnumbered "wherefore" clause that appears on Page 19-20 of the Complaint.

118.    Jogan denies all allegations not expressly admitted in this Answer.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any burden of proof and expressly reserving the right to amend, Jogan pleads the following defenses under Fed. R. Civ. P. 8(c):

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

## SECOND DEFENSE

Fraud-based claims, including FATA and RICO predicates grounded in fraud, are not pled with the particularity required by Fed. R. Civ. P. 9(b).

## THIRD DEFENSE

To the extent that Plaintiff has suffered any injury or damages, which is denied, Plaintiff's claims should be reduced or barred to the extent that Plaintiff failed to mitigate those damages including by, but not limited to, delaying objections and payments and by requesting rebilling at base rates only after services concluded..

## FOURTH DEFENSE

Plaintiff's claims are barred to the extent the equitable doctrines of laches, waiver, estoppel, estoppel by contract and unclean hands are applicable.

## FIFTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff has breached one or more provisions of the purported contract or failed to perform one or more conditions, requirements, obligations, or conditions precedent or subsequent under the purported contract.

## SIXTH DEFENSE

To the extent that Jogan is deemed to have breached any contractual obligation to Plaintiff,

16

which is denied, Jogan's breach was justified as a result of Plaintiff's actions.

## SEVENTH DEFENSE

Plaintiff's tort and racketeering theories are barred by the economic-loss doctrine and the independent-duty rule because the rights and duties arise solely from the contract.

## EIGHTH DEFENSE

Any contractual ambiguity must be construed against Plaintiff, the drafter; the agreement did not prohibit reimbursement of overtime and used terminology that reasonably contemplated multiple applicable hourly rates.

## NINTH DEFENSE

By drafting the agreement, directing hours/shifts, approving retainers and invoices that included overtime, and paying substantial sums without timely objection, Plaintiff waived, is estopped from asserting, and/or ratified the challenged payments and billing structures.

## TENTH DEFENSE

Jogan acted at all times in good faith, consistent with the parties' course of performance, the contract's terms, and governing law.

## ELEVENTH DEFENSE

Plaintiff cannot plausibly allege or prove justifiable reliance or causation in light of its pre- and mid-performance knowledge, invoice approvals, and payment history.

## TWELFTH DEFENSE

Any recovery by Plaintiff must be reduced or offset by amounts due and owing to Jogan, including the value of overtime services rendered and unpaid, and Jogan is entitled to recoupment up to the amount of Plaintiff's recovery.

## THIRTEENTH DEFENSE

Reservation. Jogan reserves the right to assert additional defenses as they become known through discovery. Fed. R. Civ. P. 15.

## PRAYER FOR RELIEF ON COMPLAINT

Plaintiff's Complaint should be dismissed in its entirety, with prejudice.

## COUNTERCLAIMS/THIRD PARTY CLAIMS

Jogan Health, LLC brings the following counterclaims and/or third-party claims[3] against the State of New Mexico and the New Mexico Department of Health (collectively the State).

## Parties, Jurisdiction and Venue

1.     Jogan Health, LLC ("Jogan") is a limited liability company formed under Colorado law.

2.     The State is the State of New Mexico.

3.     The NMDOH is a Department of the State of New Mexico.

4.     The Court has jurisdiction over these counterclaims as compulsory under Fed. R. Civ. P. 13(a) and 28 U.S.C. § 1367.

5.     The claims asserted by Jogan are based on a valid written contract.

## General Allegations

6.     The State drafted and executed Contract No. 665-22-24053 on October 22, 2021, Amendment 1 on December 28, 2021, and Amendment 2 on February 25, 2022.

---

[3] Although Jogan believes that its claims are properly asserted simply as counterclaims against the State (since the State is asserting a claim based on the same contract at issue in these Counterclaims/Third party Claims), Jogan is also asserting its claims as third party claims against the New Mexico Department of Health to avoid any assertion by the State that the correct party is not a part of this litigation.

18

7. The Contract and amendments required Jogan to supply healthcare providers to the State of New Mexico during the COVID-19 emergency, with minimum weekly hours that exceeded 40 hours per week and thus created mandatory overtime liability under New Mexico law.

8. In a September 2, 2021 pre-contract email, Jogan expressly advised the State that "OT is 1.5x" the rates that Jogan had quoted the State.

9. The State understood and was aware that OT meant overtime.

10. The State understood and was aware that the State would be invoiced, and had an obligation to pay, for any overtime performed by health providers that Jogan supplied to the State.

11. In a pre-contract call with NMDOH Chief Procurement Officer Roy McDonald, the State expressly agreed that the State would pay overtime at 1.5x the rates identified in the Contract.

12. In pre-contract discussions, the State understood and was aware that the guaranteed hours referenced in the Contract would include overtime.

13. The State understood and was aware that in order to attract practitioners to New Mexico, the compensation offered by the State would need to be competitive with other states' offerings and that overtime compensation was required to be competitive.

14. The Contract does not expressly address overtime.

15. The rates for Practitioners and Support Service Providers listed in the Contract are identified as a "Base Rate Per Hour."

16. The State approved the rate structure, including overtime, and confirmed by phone and email that overtime would be paid.

17. In reliance on the parties' understanding that the State would pay overtime at 1.5x the base rate, Jogan compensated employees and providers at a rate of 1.5x their hourly pay for all hours over 40 per week.

19

18.     Jogan paid this overtime as required by law.

19.     Jogan sent weekly invoices to the State which included overtime and the State paid those invoices without objection.

20.     After services were completed, the State asserted that FEMA would reimburse overtime, but that the contract did not allow OT and instructed Jogan to rebill at base rates. Under extreme financial duress due to approximately $53 million dollars owed by the State months after the State's deadline for payment, Jogan agreed to rebill the invoices to mitigate its damages and preserve the relationship with the State, not as a waiver of its rights.

21.     In December 2022, the State made a large payment to Jogan in the amount of approximately $39 million dollars, thus establishing that the State was continuing to evaluate amounts owed to Jogan and make payments due under the Contract.

22.     After receiving the State's $39 million payment in or around December 2022, Jogan reasonably believed that the State was continuing to process Jogan's remaining request for unpaid overtime.

23.     On June 15, 2023, Jogan formally demanded payment of $17,100,502.35 in unpaid overtime based on the facts that (1) the Contract did not disallow overtime; (2) FEMA had advised the State that it would reimburse for overtime; and (3) the parties' discussions and course of dealing established that overtime was within the scope of the contract.

24.     It was not until the State filed its December 2025 Complaint, in which the State asserted that it would not pay overtime and that there was something improper about Jogan requesting it, that Jogan was able to determine that the State had no intention of honoring its agreement to compensate Jogan for overtime.

25.     It was not until the State filed its December 2025 Complaint that Jogan learned that

the State believed there was something improper about Jogan's billing.

## COUNT 1

### Breach of Contract

26. Jogan incorporates all preceding allegations.

27. The Contract and its amendments did not prohibit overtime.

28. Via the Contract, pre- and post-contract discussions, the general understanding of overtime, and the parties' course of conduct, the State agreed to compensate Jogan for overtime at a rate of 1.5x the base rate quoted in the Contract.

29. The State's refusal to pay overtime constituted a material breach of the Contract.

30. Jogan seeks judgment in the amount of $17,100,502.35, plus pre-judgment interest at the rate of 15% and any other recoverable costs or, in the alternative, Jogan is entitled to equitable recoupment in that same amount.

## COUNT 2

### Unjust Enrichment

31. Jogan incorporates all preceding allegations.

32. The State accepted and benefited from overtime labor provided by practitioners and services providers supplied by Jogan  and has retained that benefit without paying its reasonable value.

33. To the extent that Jogan is not entitled to compensation under the terms of the Contract, Jogan is entitled to equitable relief for the value of the services that were provided to the State and the compensation that Jogan paid to providers for overtime work or, in the alternative, Jogan is entitled to equitable recoupment in that same amount.

## COUNT 3

### Promissory Estoppel

34.     Jogan incorporates all preceding allegations.

35.     The State promised Jogan that overtime would be paid via its words and actions.

36.     Jogan reasonably relied upon the same by staffing and paying overtime as required by law.

37.     Injustice can be avoided only by enforcing the promise.

38.     Jogan is entitled to compensation for the value of overtime work provided or, in the alternative, Jogan is entitled to equitable recoupment in that same amount.

## COUNT 4

### Account Stated

39.     Jogan incorporates all preceding allegations.

40.     Jogan submitted regular invoices to the State reflecting services provided by Jogan.

41.     The State did not timely object to Jogan's invoices.

42.     The State paid, or partially paid, Jogan's invoices.

43.     The State's failure to object, full payment, and partial payments established an account stated.

44.     The State is obligated to compensate Jogan for the amounts invoiced by Jogan or, in the alternative, Jogan is entitled to equitable recoupment in that same amount.

## COUNT 5

### Declaratory Judgment (Contract Interpretation)

45.     Jogan incorporates all preceding allegations.

46.     An actual controversy exists concerning whether the contract permitted reimbursement of overtime and whether THE STATE must pay the outstanding overtime amounts.

47.     Jogan seeks a declaration under 28 U.S.C. §§ 2201–2202 interpreting the Contract to permit reimbursement of overtime and confirming Jogan's right recover the unpaid overtime owed by the State or to offset any amounts that Jogan might owe the State.

## PRAYER FOR RELIEF ON COUNTERCLAIMS

Jogan respectfully requests that the Court enter judgment in its favor and against the State as follows:

**A. On Count 1 (Breach of Contract):**

1. Award recoupment/offset up to the amount of any judgment for Plaintiff; and

2. Enter judgment for approximately $17,100,502.35, plus pre- and post-judgment interest and recoverable fees/costs.

**B. On Counts 2–4 :**

1. Award recoupment/offset up to the amount of any judgment for Plaintiff, and the value of unpaid overtime.

**C. On Count 5 (Declaratory Judgment):**

1. Declare that the contract permits overtime reimbursement; that Jogan is entitled to recoupment/offset up to any judgment for Plaintiff; and that the State owes the unpaid overtime.

**D.** Award such other and further relief as the Court deems just and proper.

## RESERVATION AS TO DEFENDANT DIETRICH

This Answer is filed solely on behalf of Jogan Health, LLC. Defendant Dietrich is

separately moving to dismiss for lack of personal jurisdiction and does not waive or concede any

defense or objection, including under Fed. R. Civ. P. 12(b)(2).

Dated this 17th day of February, 2026.

Respectfully submitted,

**MODRALL SPERLING ROEHL**
**HARRIS & SISK, P.A.**

By: */s/ Jeremy K. Harrison*

Jeremy K. Harrison
jkh@modrall.com
500 Fourth Street NW, Suite 1000
Albuquerque, NM 87102
P.O. Box 2168
Albuquerque, New Mexico 87103
Tel: 505.848.1800
Fax: 505.848.9710

-and-

**COOK LAW FIRM**

R. Grant Cook
gcook@cook-lawfirm.com
500 Liberty Street SE, Ste. 330
Salem, OR 97301
Tel: 503-749-5100
Fax: 971-600-1917

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on February 17, 2026, we filed the foregoing electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing.

MODRALL, SPERLING, ROEHL,
HARRIS & SISK, P.A.

By: */s/ Jeremy K. Harrison*
Jeremy K. Harrison

W5568492.DOCX