**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**STATE OF NEW MEXICO,** *ex rel.* **RAÚL
TORREZ, ATTORNEY GENERAL,**

    Plaintiff,

**v.**                                                          **Case No.  1:25-CV-01058-LF-JFR**

**JOGAN HEALTH, LLC, and DAN
DIETRICH, individually and as Sole Owner
and CEO of Jogan Health, LLC,**

    Defendants.

**<u>PLAINTIFF'S RESPONSE TO DEFENDANT DAN DIETRICH'S
MOTION TO DISMISS</u>**

**COMES NOW,** Plaintiff, the State of New Mexico, by and through its Attorney General

Raúl Torrez and Edward Marshall, ("New Mexico" or the "State"), and by and through its counsel

of record, NMDOH Office of General Counsel and Robles, Rael & Anaya, P.C. (Marcus J. Rael,

Jr. and Phoebe J.W. Roderick), with its Response to the Defendant's Motion to Dismiss and states

as follows:

**INTRODUCTION**

This case involves the systematic defrauding of the State of New Mexico through a

targeted, organized, and predatory scheme enacted by Defendant Dan Dietrich, in conjunction with

his company, Jogan Health, LLC, during one of the most terrifying health crises in modern history.

In his efforts to personally capitalize on the national shortage of healthcare providers resulting

from the unprecedented COVID-19 pandemic, Defendant Dietrich spent multiple weeks, and

countless telephone calls and emails, courting the State of New Mexico with promises of a simple,

streamlined solution to the rapidly increasing provider demand that was beyond New Mexico's

healthcare facilities' capability to provide.  New Mexico, limited in both time and options, relied

on Defendant Dietrich's promises and entered a professional service contract with Jogan Health,

LLC that was proposed, negotiated, and signed by Defendant Dietrich.  In return for its trust and

reliance on Defendant Dietrich's promises, New Mexico was misled, lied to, and fraudulently

billed for millions of dollars.  Now, when faced with repercussions for his intentional predation of

a state desperately trying to protect its people, Defendant Dietrich attempts to avoid responsibility

by seeking to hide behind the company that he created solely to shield himself from being held

accountable for his actions.  As explained below, this Court has jurisdiction over Defendant

Dietrich and his Motion to Dismiss based on Personal Jurisdiction should be denied.

**LEGAL STANDARD**

A motion to dismiss under Fed. R. Civ. P. 12(b)(2) is appropriate where the plaintiff fails

to demonstrate sufficient facts that, taken as true, "would support jurisdiction over the Plaintiff."

*OMI Holdings v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (1998, 10th Cir.).  A defendant

may defeat a plaintiff's prima facie showing of jurisdiction by showing "a compelling case

demonstrating that the presence of some other considerations would render jurisdiction

unreasonable." *Id.* (internal quotes and citations omitted).  The bar set for establishing personal

jurisdiction over a defendant is not insurmountable; indeed, a plaintiff need only show that the

defendant possesses sufficient minimum contacts with the forum state, and the "traditional notions

of fair play and substantial justice" will not be offended by the Court's exercise of jurisdiction

over the defendant. *Id.*

In the absence of certain affirmative actions by an individual, courts may not exert control over individuals residing outside of the territorial limits of their jurisdiction. This is because the Due Process Clause of the Fourteenth Amendment requires that an out-of-state defendant possess "certain minimum contacts with [the state in which the Court sits] such that the maintenance of the suit does not offend the notions of traditional fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316–17 (1945). This requirement may be satisfied through either general personal jurisdiction—which encompasses all claims against a defendant—or specific personal jurisdiction—which is specific to the defendant's contacts with the forum state. *Shook, Hardy & Bacon, LLP v. Wilson*, 2025-NMSC-022, ¶ 1. A defendant is subject to a state's specific personal jurisdiction when he has "purposefully directed his activities towards the forum state such that [he] can reasonably foresee being brought into court." *Id.*

At the core of the Due Process Clause's protection against an out-of-state defendant from being held to a forum state's judgement is a requirement that individuals have a "fair warning that a particular activity may subject them to the jurisdiction of a foreign sovereign." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotes and citations omitted). When a defendant "purposefully directs his activities" at a foreign state, and those activities give rise to, or relate to, the injuries suffered as a result of the defendant's directed activities, the "fair warning" requirement is met. *Id.* This is because "where individuals purposefully derive benefit from their interstate activities," it is unfair to allow such an individual to wield the Due Process Clause "as a territorial shield to avoid interstate obligations that have been voluntarily assumed." *Id.* at 473–74 (internal quotes and citations omitted).

3

As explained below, Defendant Dietrich is subject to personal jurisdiction in this Court: 1) through his purposefully directed activities toward the State of New Mexico; 2) under the Conspiracy Personal Jurisdiction theory recognized by the State of New Mexico, *id.* ¶ 4, and 3) as statutorily conferred by the RICO Act through 18 U.S.C. § 1965(b). *Cory v. Aztec Steel Bldg., Inc.*, 468 F.3d 1226, 1229–30 (10th Cir. 2006).

**DISCUSSION**

**A.      Defendant Dietrich has Sufficient Minimum Contacts with New Mexico for this Court to Exercise Specific Personal Jurisdiction over the Defendant.**

In asserting specific personal jurisdiction over an out-of-state defendant, it is not enough for a plaintiff to simply assert that the defendant has sufficient minimum contacts. *Shook, Hardy & Bacon LLP*, 2025-NMSC-022, ¶ 20.  Beyond showing the existence of minimum contacts with the forum state made through the "defendant's own choice," *id.* ¶ 19, a court must consider five factor to determine the propriety of exercising its jurisdiction over an out-of-state defendant: 1) the burden placed on the defendant to defend himself in the forum state, 2) New Mexico's interest in the matter, 3) the plaintiff's interest in the matter, 4) the interest in an efficient judicial system, and 5) the interest in promoting public policy. *Id.* ¶ 20 (internal citation omitted). At the forefront of these factors is the burden placed upon the defendant by the imposition of personal jurisdiction. *Bristol-Myers Squibb Co. v. Superior Ct.*, 582 U.S. 255, 263 (2017) (labeling the burden on the defendant as the "primary concern" of the reasonableness test).

Here, only the first factor is at issue.  The second and third factors are easily met because the State of New Mexico is the Plaintiff, and its interests, as both the state and the Plaintiff, lie in protecting its residents and taxpayers from those who would harm them.  These interests are well represented in the State's Complaint and in the existence of the laws cited in support of the

4

Complaint. Additionally, the fourth and fifth factors weigh heavily in favor of the State because, not only would judicial economy be best served by this Court assuming jurisdiction over all parties involved to avoid multiple litigations in multiple venues, but public policy demands that courts deny attempts to use Due Process protections to shirk responsibility for fraudulent and predatory actions taken by an individual—in concert with a company that he formed to protect him from the ramifications for such actions—against a state in the middle of a worldwide health crisis. *See Int'l Shoe Co.*, 326 U.S. at 323 ("[I]t is unthinkable that the vague due process clause was ever intended to prohibit a State from regulating or taxing a business carried on within its boundaries . . . . To read this into the due process clause would in fact result in depriving a State's citizens of due process by taking from the State the power to protect them in their business dealings within its boundaries with representatives of a foreign corporation. *Nothing could be more irrational or more designed to defeat the function of our federative system of government.*") (emphasis added); *see also Burger King Corp.*, 471 U.S. at 473–74 ("[W]here individuals purposefully derive benefit from their interstate activities, it may well be unfair to allow them to escape having to account in other States for consequences that arise proximately from such activities.").

1.      *There would be no undue burden placed upon Defendant Dietrich by this Court asserting its jurisdiction over him based on his extensive contacts with the State of New Mexico.*

The burden of traveling to a forum state with which an individual has voluntarily engaged in business is insufficient to avoid this Court's jurisdiction. *See McGee v. Int'l Life Ins. Co.*, 355 U.S. 220 ("[M]odern transportation and communication have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity."). Additionally, it is the responsibility of the *defendant* to demonstrate that the burden placed upon him to litigate in

5

an out-of-state forum is so great that it will deprive him of the liberty interests promised by the due process clauses within the Fifth and Fourteenth Amendments. *See Peay v. BellSouth Medical Assistance Plan*, 205 F.3d 1206, 1212–14 (10th Cir. 2000). In other words, to show an undue burden, the defendant must demonstrate a "constitutionally significant inconvenience." *Id.*

Defendant Dietrich has failed to address whether there is any burden he would experience defending litigation in this Court in either his Motion to Dismiss nor in his signed affidavit. Rather, he claims that all his actions were as "CEO" of Jogan and he should not be a part of this suit. *See* Declaration of Dan Dietrich [hereinafter "Dietrich Declaration"], ¶¶ 13–16. There is no undue burden being placed on Defendant Dietrich to defend himself in this forum. Defendant Dietrich is represented by the same attorneys that are representing Defendant Jogan in this lawsuit; should this Court exert jurisdiction over Defendant Dietrich for this matter, Defendant Dietrich is adopting the same reasons and defenses as Defendant Jogan, *see* Defendant Dan Dietrich's Motion to Dismiss, at 1 [hereinafter "Dietrich MTD"], and the details of Defendant Dietrich's part in the harm caused to the State is wrapped up in the same evidence that will be used with Defendant Jogan.

> 2. *The Complaint contains sufficient facts to establish this Court's jurisdiction over Defendant Dietrich based on either the Primary Participant Doctrine or the Alter Ego Theory.*

Defendant Dietrich solicited New Mexico's business and Defendant Dietrich seeks to shield himself from this Court's jurisdiction on the basis of his being the "corporate employee" of Jogan Health, *see* Dietrich MTD, at 6–9, of a company that was not registered in New Mexico. *Id.* at 10. This is problematic in two ways. First, Jogan Health is neither a corporation, nor is Defendant Dietrich an "employee." Rather, Jogan Health is organized as a Limited Liability

Company (an "LLC"), *see* Complaint, Exhibit 1, at 1.  Secondly, upon information and belief, Defendant Dierich—whether calling himself "President", *see* Complaint Exhibit 1, at 24, 28 and Exhibit 1A, at 3, or "CEO", *see* Dietrich Declaration, ¶¶ 13–16—was managing the LLC as its sole member, *see* N.M. STAT. ANN. § 53-19-2(M) (1993), and was intimately involved in seeking New Mexico's business, corresponding with New Mexico about concerns and issues with billing, and contacting New Mexico for payment of his fraudulent invoices.  Furthermore, not only is Defendant Dietrich's claim that he has no company registered in New Mexico insufficient to avoid jurisdiction in this matter, Dietrich MTD, at 10, but is an example of Defendant Dietrich's complete disregard for New Mexico's laws. *See* N.M. STAT. ANN. § 53-19-53 (requiring a foreign limited liability company that transacts business with the State of New Mexico to register with the State).

Defendant Dietrich claims that Plaintiffs' Complaint fails because it does not label him as either a primary participant or an alter ego of Defendant Jogan, Dietrich MTD, at 6–9; however, the facts pleaded within the Complaint are sufficient to demonstrate Defendant Dietrich's deliberate efforts to use his LLC as a legal wall to avoid liability for his targeted, conspiratorial efforts to enrich himself through predatory and fraudulent practices at the expense of the State of New Mexico.  Claiming freedom from this Court's jurisdiction due to this legal fiction and claiming that the Court exercising jurisdiction is improper after Defendant Dietrich's extensive contacts with the State of New Mexico is, in itself, an affront to the traditional notions of fair play and substantial justice.

Defendant Dietrich's claims of insufficient pleading fall flat.  Fed. R. Civ. P. Rule 8(a)(2) requires a complaint to contain a "short and plain statement of the claim showing that the pleader

is entitled to relief." *Ashcroft v. Iqbal*, 566 U.S. 662, 677–78 (2009) (internal citations and quotations omitted). This standard does not require a complaint to contain "detailed factual allegations," but must possess more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. In other words, the complaint must be "plausible on its face." *Id.* Any person who transacts business within New Mexico or commits a tortious act within New Mexico has submitted himself to the jurisdiction of the Courts of New Mexico. N.M. STAT. ANN. § 38-1-16. "A person may be liable for any act or omission performed in his capacity as a manager of a Limited Liability Company if there is a basis for liability. Nothing in this section shall be construed to immunize any person for the consequences of his own acts or omissions for which he may otherwise be liable." N.M. STAT. ANN. § 53-19-13 (1993).

Defendant Dietrich has both transacted business and committed tortious acts in the State of New Mexico. The Complaint details the tortious acts made by Defendant Dietrich and sets forth sufficient allegations to show that Defendant Dietrich was both the Primary Participant in these acts with and against the State and is using Jogan Health, LLC as an alter ego to avoid repercussions for those acts. The Complaint specifically alleges that Defendant Dietrich formed Jogan Health, LLC, to create a legal shield from himself for activities he pursued through Jogan Health. Complaint, at ¶ 6. The Complaint states that, as its sole member, Defendant Dietrich was wholly responsible for the management and administration of Jogan Health's business affairs. *Id.* ¶ 3. Defendant Dietrich was responsible for creating the policies and procedures for contracts, *id.* ¶ 4, and worked in conjunction with his LLC, Jogan Health—of which he was the sole member—to pursue a contract with NMDOH for financial gain at the expense of the State of New Mexico. *Id.* ¶¶ 3, 8. Furthermore, Defendant Jogan's exhibits illustrate Defendant Dietrich's

complete control over Jogan Health's business decisions and personally directed the contact with the State of New Mexico for setting up the business transaction between the State and Defendant Jogan. Defendant Jogan Health's Motion to Dismiss All Claims [hereinafter "Jogan MTD"], Exhibit A, at 6–9, 30–44. Lastly, the Complaint states; "Whenever the term 'Defendants' or 'Jogan' is utilized within this suit, such term collectively refers to and includes all named Defendants in this lawsuit." Complaint, at ¶ 5. Dietrich is a named party. Dietrich cannot just carve himself out of the allegations of Complaint with *ipse dixits*.

**B.  This Court has Jurisdiction Over Defendant Dietrich through Civil RICO.**

Establishing jurisdiction through a civil RICO action is a "two-fold inquiry." *List Interactive, Ltd. V. Knights of Columbus*, 2017 WL 3217817, at *20.  First, the Court must determine that jurisdiction is conferred by the applicable statute. *Id.* at *21. Second, if jurisdiction has been conferred by the statute, the Court must determine whether the exercising jurisdiction over the defendant "comports with due process." *Id.*

*1.      Jurisdiction is conferred over Defendant Dietrich through Civil RICO.*

Civil RICO allows nationwide service of process when the Court has jurisdiction over at least one defendant. *Cory v. Aztec Steel Bldg., Inc.*, 468 F.3d 1226, 1231 (10th Cir. 2006) ("When a civil RIUCO action is brought in a district court where personal jurisdiction can be established over at least one defendant, summonses can be served nationwide on other defendants if required by the *ends of justice*.") (emphasis added).  Because this Court has jurisdiction over Defendant Jogan, *see* Defendant Jogan Health, LLC's Answer, Affirmative Defenses, and Counterclaims/Third Party Claims [hereinafter referred to as "Jogan's Answer"], ¶ 11, so long as the "ends of justice" require it, personal jurisdiction is conferred over Defendant Dietrich as well.

9

The Tenth Circuit has not defined the "ends of justice" because it is a "flexible concept uniquely tailored to the facts of each case." *Cory*, 468 F.3d at 1232.  While the courts are instructed to "liberally construe RICO to effectuate its remedial purposes," *id.* (citing H.R.Rep. No.91–1549 (1970)), the Tenth Circuit has contemplated that the ends of justice would require jurisdiction over RICO violators who "operate within the same locale and cause harm in a distant state." *Id.*

Defendant Dietrich has violated Civil RICO, 18 U.S.C. § 1962(c), through his participation in, and direction of, Jogan Health's racketeering activities. *See* Complaint, ¶¶ 106–16.  Defendant Dietrich is a "person" for purposes of Civil RICO.  18 U.S.C. § 1961(3).  Civil RICO, through 18 U.S.C. § 1964, grants jurisdiction to the district courts of the United States over Defendant Dietrich, who has both received "income derived, directly or indirectly, from a pattern of racketeering activity," 18 U.S.C. § 1962(a); *see* Complaint, ¶¶ 106–16, and "conduct[ed] or participate[d], directly or indirectly, in the conduct of [Jogan Health's] affairs through a pattern of racketeering activity." 18 U.S.C. §1962(c); *see* Complaint, ¶¶ 106–16.

Defendant Dietrich capitalized on a worldwide pandemic to personally profit from the unprecedented healthcare crisis by contracting to provide medical services in multiple states in which he is not a resident. *See* Dietrich Declaration, ¶ 18.  Throughout the pandemic, Defendant Dietrich used Defendant Jogan as the enterprise through which he committed his acts of racketeering. *See, e.g.*, Complaint, ¶¶ 20, 38, 50, 66, 113.  Defendant Dietrich then sought to extort an additional $17 million from New Mexico for wages owed to Defendant Jogan's employees by threatening a multi-million-dollar lawsuit if he wasn't paid.  *Compare* Jogan MTD, Exhibit A, at 1–5, *with* Complaint, Exhibit 1, at § 9 ("The Contractor, and Contractor's agents and employees, are independent Contractors for the agency and are not employees of the State of New Mexico . .

. [and] shall not accrue leave, retirement, insurance, bonding, use of state vehicles, or *any other benefits afforded to employees of the State of New Mexico*") (emphasis added).  The ends of justice would be ill-served by allowing an individual to avoid the repercussions for his intentional efforts to capitalize on the potential-deaths of New Mexico's residents simply because he coordinated his activities outside of New Mexico.

> 2.  *The Court exercising jurisdiction over Defendant Dietrich comports with due process.*

As discussed in Section A, *supra*, Defendant Dietrich has more than established minimum contacts with New Mexico and has availed himself of the benefits of doing business in this State. Defendant Jogan, created by Defendant Dietrich to avoid legal responsibility for his actions, is under this Court's jurisdiction due to Defendant Dietrich's affirmative actions towards New Mexico.  Allowing Defendant Dietrich to avoid this Court's jurisdiction when his actions are those that confer jurisdiction over Defendant Jogan cannot satisfy the traditional notions of fair play and substantial justice. Allowing an individual tortfeasor to escape responsibility for his intentional and purposeful actions simply because he inflicted them upon a state from outside of his boundaries is an affront to the Due Process Clause. *See supra.*

## CONCLUSION

The people of New Mexico are entitled to due process and to be made whole from the injuries caused by Defendant Dietrich's predatory actions, the consequences of which Defendant Dietrich now seeks to shield himself from through the legal fiction of his LLC, Jogan Health.  By claiming that the only entity who may be held responsible for his persistent, fraudulent actions is Defendant Jogan, Defendant Dietrich seeks to defeat the function of our federative system of government on the basis of a piece of paper he claims separates him from the company he single-

handedly created, owned, directed, and managed.  For the reasons above, the Court should deny

Defendant Dietrich's Motion to Dismiss and exercise its jurisdiction over him for this matter.


DATED: April 13, 2026

Respectfully submitted,

**ROBLES, RAEL & ANAYA, P.C.**

By:  */s/ Marcus J. Rael, Jr.*
Marcus J. Rael, Jr.
Phoebe J.W. Roderick
500 Marquette Ave. NW, Suite 700
Albuquerque, NM 87102
(505) 242-2228
marcus@roblesrael.com
phoebe@roblesrael.com

-and-

**RAÚL TORREZ**
**ATTORNEY GENERAL**

Edward L. Marshall
Director of Government Litigation
408 Galisteo Street
Santa Fe, New Mexico 87501
(505) 490-4060
emarshall@nmdoj.gov

-and-

**OFFICE OF GENERAL COUNSEL,**
**New Mexico Department of Health**

Julie Sakura, General Counsel
Christopher Woodward, Asst. General
Counsel
1190 St. Francis Drive, Suite N4095
Santa Fe, New Mexico 87502

julie.sakura@doh.nm.gov
chris.woodward@doh.nm.gov

*Counsel for Plaintiff*

I hereby certify that on this 13<u>th</u> day of April 2026, the foregoing was electronically served through the CM/ECF system to all counsel of record.


*/s/ Marcus J. Rael, Jr.*
Marcus J. Rael, Jr.

13